ORIG. FILED

JUN 29 2007

JOSEPH HAAS
Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SIOUX FALLS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. CIV07-4091 |
| Plaintiff, | |
| v. | COMPLAINT |
| MERCHANTS STATE BANK, | |
| Defendant. | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Richard Engel, who was affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Merchant State Bank terminated Richard Engel, because of his perceived disability, due to his cancer.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the

1

State of South Dakota, Sioux Falls Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Merchants State Bank ("Defendant" or "the Bank") has been doing business in the State of South Dakota, and has had at least 15 employees.

5. At all relevant times, the Bank has been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, the Bank has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Richard Engel filed a charge with the EEOC alleging violations of Title I of the ADA by the Bank. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Richard Engel is a qualified individual with a disability, in that the Bank perceived him to be substantially limited in one or more major life activities because of his impairment, cancer.

9. On or about December 5, 2004, the Bank terminated Engel's employment as a custodian because of his perceived disability, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

10. The effect of the practices complained of in paragraph 9 above has been to

deprive Richard Engel of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Richard Engel.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Richard Engel by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place reinstatement to his former position.

D. Order Defendant to make whole Richard Engel by providing compensation

for pecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including, but not limited to, job search, moving and medical expenses.

E. Order Defendant to make whole Richard Engel by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay to Richard Engel punitive damages for its malicious or reckless conduct, as described in paragraph 9 above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> RONALD S. COOPER
> General Counsel
>
> JAMES LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel

Equal Employment Opportunity Commission
1800 L Street, N.W.
Washington, DC 20507

_____
John C. Hendrickson
Regional Attorney

_____
Jean P. Kamp
Associate Regional Attorney

_____
Ethan M. M. Cohen
Trial Attorney

Ethan M. M. Cohen
Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison, Room 2800
Chicago, IL 60661
(312) 353-7568
Ill. A.R.D.C. #6206781
ethan.cohen@eeoc.gov