IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | CIV. NO. 07-4091 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM IN OPPOSITION TO RICHARD ENGEL'S MOTION FOR LEAVE TO INTERVENE** |
| MERCHANTS STATE BANK, | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, Merchants State Bank ("Bank"), and submits this memorandum in opposition to Richard Engel's ("Engel") Motion for Leave to Intervene. Defendant submits Engel's motion should be denied. In support, Defendant offers the following:

**ARGUMENTS AND AUTHORITIES**

The Equal Employment Opportunity Commission ("EEOC") initiated this lawsuit against Merchants State Bank on June 29, 2007. The EEOC asserts claims against the Bank under Title 1 of the Americans with Disabilities Act ("ADA"). The EEOC alleges Defendant committed unlawful employment practices which affected Engel. Engel now seeks leave to intervene. He claims an entitlement to intervention as a matter of right pursuant to Fed.R.Civ.P. 24(a). In the alternative, he seeks leave to intervene as a permissive intervener pursuant to Fed.R.Civ.P. 24(b). Defendant submits that Engel has no right to intervene under either section of Fed.R.Civ.P.24.

The EEOC alleges in its complaint that on December 5, 2004, the Bank terminated Engel's employment as a custodian. (Complaint ¶ 9, Doc. 1.) Thereafter, on January 20, 2005, Engel filed a voluntary petition in the United States Bankruptcy Court, District of South Dakota, seeking relief under Chapter 7 of the Bankruptcy Code. (U.S. Bankruptcy Court, District of South Dakota case number 05-40075. Exhibit 1 attached hereto.)[1] An order discharging Engel was entered by the Bankruptcy Court on April 26, 2005. (Exhibit 2.) The Bankruptcy Court further reflects a trustee's report of no assets issued on June 8, 2005, and an order discharging the trustee entered on July 12, 2005. (Exhibit 2.) Prior to the order discharging the trustee, on July 6, 2005, Engel filed with the EEOC, his charge of discrimination against the Bank. (Exhibit 3.) Engel did not disclose during the pendency of his bankruptcy the claims he now seeks to prosecute in this case.

Defendant submits that given Engel's Chapter 7 bankruptcy filing and discharge, all which occurred subsequent to his termination from the Bank, supports the Bank's position that Engel is not the real party in interest to this lawsuit. Moreover, given Engel's failure to disclose his claims against the Bank in his bankruptcy, he is judicially estopped from asserting those claims in this litigation.

## ENGEL LACKS STANDING TO INTERVENE

As a jurisdictional question, a party must have capacity to sue before it may commence and maintain an action, and if the party fails to establish standing the court is deprived of jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct.

---

[1] Pursuant to Fed.R.Ev. 201(d), Defendant would request the Court take judicial notice of Engel's Bankruptcy voluntary petition and the docket text for case number 05-40075, U.S. Bankruptcy Court, South Dakota (Sioux Falls).

2

2130, 2136 (1992). "To meet Article III's 'case or controversy' requirement, it is the burden of each intervenor to prove: (1) injury in fact, (2) causation, and (3) redressibility." *South Dakota Farm Bureau, Inc. v. State of South Dakota*, 189 F.R.D. 560, 562 (S.D. 1999). In order to establish his standing the proposed plaintiff intervener must satisfy these three elements. *Agar School Dist. No. 58-1 Bd. of Educ. v. McGee*, 527 N.W.2d 282, 284 (S.D.1995). See also SDCL § 15-6-17(a) ("Every action shall be prosecuted in the name of the real party in interest..."). As a result, Engel carries the burden of proving that he has standing to intervene. "Whether a party has standing is a legal conclusion." *Lewis & Clark Rural Water System, Inc. v. Seeba*, 709 N.W.2d 824, 836 (S.D.2006).

## ENGEL DOES NOT MEET THE STANDARDS FOR INTERVENTION

Engel is not the real party in interest. To have a right to intervene, a plaintiff must establish an injury to an enforceable right. *United States v. Union Electric Co.*, 64 F.3d 1152, 1160 (8th Cir. 1995). The plaintiff must stand to gain or lose by direct legal operation and effect of the judgment in the suit in which he seeks to intervene. *Id*. at 1160-61. Moreover, intervention is not a substitute for standing. *In re D.M.*, 2006 SD 15, ¶ 6, 710 N.W.2d 441, 444 (S.D.2006). Rather, standing is a prerequisite to intervention. If it were otherwise, any person could become a party to any litigation and thereby interfere with or affect the rights of the legitimate parties, or prolong the proceedings. A person seeking to intervene must therefore show a significant interest in the subject matter of the action or independent basis for jurisdiction. Fed. R.Civ. P. 24(a) & (b). See *State of Montana v. E.P.A*, 137 F.3d 1135, 1141 (9th Cir. 1998).

Engel filed his voluntary Petition for Bankruptcy on January 20, 2005, forty-six days after his separation from the Bank. When one files a bankruptcy petition, all of the debtor's property becomes property of the estate, including potential causes of action. 11 U.S.C. § 541(a); *United States Ex Rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001) ("[T]he property of the estate includes all causes of action that the debtor could have brought at the time of the bankruptcy petition."). "Federal law determines the scope of a debtor's bankruptcy estate." *Stevens v. Downing, Alexander, Wood & Ilg*, 693 N.W.2d 532, 537 (Neb. 2005). Causes of action, including rights of action arising from contracts, constitute property rights which are vested in the bankruptcy trustee such that only the trustee has standing to bring claims on debtor's causes of action. *Folz v. BancOhio Nat. Bank*, 88 B.R. 149, 150 (S.D.OH 1987). *See also Foster v. Foster*, 2003 SD 151, 673 N.W.2d 667 (S.D.2003).

As a result of his bankruptcy, Engel does not have standing to intervene. All rights and obligations belonging to Engel at the time of his bankruptcy filing, including the claims in this lawsuit, became the property of the bankruptcy estate. See *Harms v. CIGNA Ins. Co.*, 421 F.Supp. 2d 1225, 1228 (D.S.D. 2006). Pursuant to 11 U.S.C. § 541(a), Engel was divested of all assets, and those assets were transferred to the bankruptcy estate. Sec. 541(a)(1) provides further that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." "The reference in § 541(a)(1) to 'legal or equitable interests' includes any causes of action belonging to the debtor at the time the bankruptcy case is commenced." *Stevens*, 693 N.W.2d at 538. Claims arising prior to a bankruptcy filing are property of the

bankruptcy estate and the debtor is deprived of the right to bring causes of action in their own names on those prior claims. *Id.*

Here, Engel filed his bankruptcy petition after his termination from employment on December 5, 2004. As his bankruptcy neared completion, he filed his EEOC Charge on July 6, 2005. It cannot be disputed that the claims Engel seeks to prosecute in this case arose prior to the filing of his bankruptcy. Under the circumstances, he is not the real party in interest and does not have the standing to assert these claims. As such, his Motion to Intervene should be denied.

## ENGEL'S CLAIMS ARE BARRED BY JUDICIAL ESTOPPEL

The doctrine of judicial estoppel bars Engel from intervening in this lawsuit. Judicial estoppel is an equitable doctrine invoked at a court's discretion. *New Hampshire v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808, 1815 (2001) (internal citations omitted). *See also U.S. v. Grap*, 368 F.3d 824, 831 (8th Cir. 2004). Where a party asserts claims in a legal proceeding that are inconsistent with a claim they have taken in a previous proceeding judicial estoppel acts to bar the clearly inconsistent position previously taken. *Canyon Lake Park v. Loftus Dental, P.C.*, 2005 SD 82, ¶ 34, 700 N.W.2d 729, 737 (S.D.2005). *See also Federal Land Bank of Omaha v. Johnson,* 446 N.W.2d 446, (S.D. 1989) (held that plaintiffs were judicially estopped from claiming they were "forced into Chapter 7" when court record "clearly indicates that any injuries suffered by the Johnsons were entirely self-inflicted as a result of their voluntary conversion"); *Burnes v. Pemco Aeroplex, Inc*. 291 F.3d 1282, 1285 (11th Cir. 2002) (affirming application of judicial estoppel in action against employer where plaintiff failed to list claims against employer

5

in bankruptcy schedule); *DeLeon v. Comcar Indus. Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (The court applied judicial estoppel and barred the plaintiff from asserting an employment discrimination claim that had not been disclosed in his Chapter 13 bankruptcy, where the facts indicated a financial motive existed to secrete assets, noting the hiding of assets effects the amount to be paid.).

"A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). "The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1536 (11th Cir. 1983) (internal citations omitted). Pursuant to the principles set forth in *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808 (2001), the Eighth Circuit applies a three factor test to determine the applicability of judicial estoppel. This test includes: "(1) whether a party's later position is inconsistent with its earlier position; (2) whether the court adopted the debtor's position; and (3) whether the party gained an unfair advantage." *Small v. Arkansas Fair Housing Comm'n,* 2007 WL 433565, 1 (Ark. 2007) citing *Stallings v. Hussman Corp.*, 447 F.3d 1047. See also *Mitchell v. Iverson*, Bankruptcy No. 05-50528, 2007 WL 1302652, at 3 (Bankr. D.S.D. April 30, 2007). Applying these principles, Engel is estopped from pursuing claims that arose prior to the filing of his bankruptcy petition.

Engel affirmatively stated in his voluntary petition to the U.S. Bankruptcy Court that he had no other claims or counterclaims contingent or unliquidated. (Exhibit 1.) Clearly, Engel's alleged cause of action arising out of his termination arose prior to his

6

filing for bankruptcy. Yet he waited until after he was discharged in his bankruptcy before he initiated his charge of discrimination with the EEOC.

"In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed." *Stallings*, at 1047 (internal citations omitted). Just as the plaintiff in *Stallings* met the Eighth Circuit's first factor by failing to include his litigation interest against a former employer in his bankruptcy petition, Engel meets this factor for the same reason.

The second factor required by the Eighth Circuit under the *New Hampshire* test necessitates that the bankruptcy court adopt the debtor's position. *Stallings*, at 1048. "Where the bankruptcy court issues a 'no asset' discharge, the bankruptcy court has effectively adopted the debtor's position." *Id*. The no asset report of Engel's trustee evidences a position consistent with the disclosures (or lack of disclosures) made by Engel in his voluntary petition. This finding by the trustee and approved by the bankruptcy court satisfied the second factor of the *New Hampshire* test.

Finally, the last factor under the *New Hampshire* test requires that the party gain an unfair advantage. *Stallings*, at 1048. To determine whether an unfair advantage was gained the court looks to whether Engel's misrepresentation was "not inadvertent" **or** that he gained an unfair advantage by withholding disclosure. *Id*. Engel's intent to deceive can be inferred from the record. *Burnes*, 291 F.3d at 1287. "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative

7

duty to disclose all assets, *including contingent and unliquidated claims* ... The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action." *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999) (internal citations omitted).  Furthermore, "[t]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information ... prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *Id*. at 208.

In his voluntary petition, Engel "declared under penalty of perjury that the information provided in this petition is true and correct."  (Exhibit 1.)  See *Bronner v. Exchange State Bank*, 455 N.W.2d 289, 290 (Iowa 1990) (citing similar language in case where failure to disclose judicially estopped plaintiff).  Moreover, Engel went so far as to affirmatively state a zero value to that part of Schedule B concerning "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims."  At the time Engel made these sworn statements to the bankruptcy court Engel was represented by counsel.  In making affirmative statements to the bankruptcy court regarding no litigation interests and the temporal proximity of Engel's legal actions; establishes that his actions were much more calculated than inadvertent.  *See Payless v. Alberto Culver*, 989 F.2d 570, 571 (1st Cir. 1993) (The court warned bankruptcy debtors that "failure to disclose a pending legal claim [is] a palpable fraud that the court will not tolerate, even passively.").

In *Canterbury v. Federal Mogul Ingnition Co.*, 483 F.Supp.2d 820 (S.D.IA 2007), a terminated employee brought an action against his former employer for violations

arising out of the ADA & FMLA. His claims arose prior to the close of his bankruptcy, but plaintiff failed to include his litigation interests in his sworn bankruptcy disclosures. There, the court held the plaintiff was "judicially estopped from pursuing the present claims, or from benefiting in any way from them." *Id*. at 828. In large part the court relied on factors similar to those found in the current case. Those factors relied upon by the court included: "(1) blames his need for bankruptcy on the Defendant; (2) had knowledge of his undisclosed claim; and (3) engaged in administrative activity concerning his claim." *Id*.

All three exist in Engel's case. Engel blames his bankruptcy on the actions of the Bank (Motion to Intervene ¶ 2) and he certainly had knowledge of his claim at the time he filed bankruptcy. Further, he initiated his EEOC charge before the discharge of the bankruptcy trustee. Defendant suggests judicial estoppel operates to bar Engel's request to intervene.

## CONCLUSION

In sum, the Defendant respectfully requests that the Court deny Engel's Motion to Intervene on the basis he is not a real party in interest to this lawsuit. Having conveyed his interest to his bankruptcy estate Engel is no longer the party to which any alleged injuries can be redressed. Moreover, Engel is judicially estopped from asserting claims that are in direct conflict with those that he asserted in his bankruptcy case.

Dated this 6th day of December, 2007.

                                CADWELL SANFORD DEIBERT & GARRY LLP

                        By: */s/ Michael A. Henderson*
                              Michael A. Henderson
                              200 East 10th Street, Suite 200
                              PO Box 2498
                              Sioux Falls SD 57101-2498
                              Telephone: (605) 336-0828
                                  and
                              Ron D. Martinek, KS #12885
                              Deanne Watts Hay, KS #9197
                              PARKER & HAY, LLP
                              400 S. Kansas Ave., Suite 200
                              Topeka KS 66603
                              Telephone: (785) 228-5736
                              ATTORNEYS FOR DEFENDANT

                              *Electronically Filed*