
FILED
DEC 23 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

and

RICHARD ENGEL,

        Plaintiff-Intervenor,

v.

MERCHANT STATE BANK,

        Defendant,

v.

LEE ANN PIERCE,
Chapter 7 Bankruptcy Trustee,)
        Intervenor.

Case No. Civ. 07-4091-KES

Judge Karen E. Schreier

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that on or about December 5, 2004, Merchant State Bank ("Merchant"), violated Section 102(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a) by discriminating against Richard Engel ("Engel") on the basis of disability. Specifically, the EEOC alleged that Merchant has violated the ADA by terminating Engel due to its perception that he was disabled and unable to perform his duties as janitor. On November 16, 2007, Engel moved to intervene in this action and filed a proposed Amended Complaint. Engel's Complaint alleged ADA violations and added state law claims for intentional and negligent infliction of

emotional distress. Merchant has filed an Answer denying the allegations made in the plaintiffs' Complaints. On July 18, 2008, Lee Ann Pierce, Chapter 7 Bankruptcy Trustee, also intervened.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaints filed by the EEOC and Engel in this action.

## FINDINGS

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. All conditions precedent to the institution of this lawsuit have been fulfilled.

    c. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties and the public interest are adequately protected by this Decree.

    d. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION

Merchant, its officers, agents (including management personnel), successors, and

assigns are permanently enjoined from discriminating on the basis of disability.

## NON-RETALIATION

4. Merchant, its officers, agents, successors, assigns shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under The ADA, or asserted any rights under this Decree. Nor shall Merchant tolerate any of its employees or any other persons acting in concert with it to engage in any such retaliation.

## MONETARY AND OTHER RELIEF FOR ENGEL

5. a. Within ten (10) business days after entry of this Decree, Merchant shall pay the gross sum of fifty thousand dollars ($50,000), inclusive of attorneys' fees and costs, to Engel's bankruptcy estate ("the estate"), represented by the law firm of Hagen, Wilka & Archer, P.C. ("Wilka") of Sioux Falls, South Dakota. This amount shall be distributed in a manner and on terms separately agreed to by Merchant and Engel and the bankruptcy estate through Wilka, acting as his own private counsel and as counsel for the bankruptcy estate, and by Michael Botts and Clair Gerry acting as counsel for Engel. Engel shall execute and provide to Merchant a release agreement. The terms of the release agreement and the manner and timing of their delivery to Merchant shall be on terms separately agreed to by Merchant, Engel and the bankruptcy estate through their private attorneys. EEOC did not participate in the negotiation or drafting of such release and has not approved it.

b. Merchant shall provide Engel with a neutral reference in the event that any prospective employer makes inquiries of Merchant regarding Engel. Merchant shall not inform any prospective employer that Engel was terminated from Merchant or make any comments or

3

remarks disparaging Engel's work performance while employed at Merchant.

### POSTING OF NOTICE

6.  a.  Within five (5) business days after entry of this Decree, Merchant shall post a same-sized copy of the Notice attached as Exhibit A to this Decree at its facility in Freeman, South Dakota, in a conspicuous location readily accessible to and commonly frequented by employees. The Notice shall remain posted for one (1) year from the date of entry of this Decree. Merchant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Merchant shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Merchant shall permit a representative of the EEOC to enter Merchant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

  b.  Within five (5) business days after the entry of this Decree, Merchant shall provide each member of the Bank's Board of Directors with a copy of the Decree.

### RECORD KEEPING

7.  For a period of two (2) years following entry of this Decree, Merchant shall maintain and make available for inspection and copying by the EEOC records detailing the termination of any employee. Merchant shall also maintain and make available for inspection and copying by the EEOC records detailing any leaves or absences in excess of two weeks caused by accident or illness.

8.  Merchant shall make all documents or records referred to in Paragraph 7, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Merchant shall make available all persons within its employ whom the EEOC

4

reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the EEOC to enter Merchant's premises for such purposes on ten (10) business days advance notice by the EEOC.

9. Nothing contained in this Decree shall be construed to limit any obligation Merchant may otherwise have to maintain records under the ADA or any other law or regulation.

## REPORTING

10. Merchant shall furnish to the EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-two (22) months after entry of the Decree. Each such report shall contain:

   a. A statement providing the identity of each employee terminated by Merchant during the six month period (or in the case of the last report, the four month period) preceding the report ("the reporting period"), a brief description of the basis of the termination, and a statement as to whether the terminated employee had been absent from work for at least a week due to injury or illness during the reporting period.

   b. A certification by Merchant that the Notice required to be posted in Paragraph 6. a., above, remained posted during the entire reporting period (for the initial one year period specified in Paragraph 6. a.), and that, pursuant to Paragraph 6. b, a copy of this Decree was provided to each member of the Board of Directors.

## TRAINING

11. Merchant shall provide training on the requirements of the ADA on the following terms:

   a. Merchant shall retain and pay for a consultant/lecturer ("trainer"),

5

approved by the EEOC, to provide training with respect to the provisions of and compliance with the Americans with Disabilities Act.

b. The training will be provided to all Merchant employees including officers and directors. A registry of attendance shall be retained by Merchant for the duration of the Consent Decree.

c. Merchant shall first provide training in accordance with Paragraph 11(a) and (b) within one hundred and eighty (180) calendar days of the entry of this Consent Decree.

d. Merchant shall obtain the EEOC's approval of its proposed trainer prior to the training session. Merchant shall submit the name, address, telephone number and resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within forty-five (45) calendar days prior to the first day of the proposed date(s) of training. The EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event the EEOC does not approve Merchant's designated trainer(s), Merchant shall have fifteen (15) calendar days to identify an alternate trainer. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event the EEOC does not approve Merchant's alternate trainer, the EEOC shall designate the trainer to be retained and paid for by Merchant.

e. Merchant agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

f. Merchant shall certify to the EEOC in writing with five (5) business days after the training has occurred that the training has taken place and that the required personnel

have attended. Such certification shall include: (i) the dates, location and duration of the trainings; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, including temporary employees; as of the date of the training.

## DISPUTE RESOLUTION

12. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

13. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 12, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

14. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

15. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Merchant. Merchant will

provide a copy of this Decree to any organization which proposes to acquire or merge with Merchant, prior to the effectiveness of any such acquisition or merger. In the event that Merchant is acquired by or merges with another organization, Merchant shall notify EEOC of this fact, in writing, within ten (10) days of such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

16. Merchant shall notify the EEOC, in writing, of any material change in its corporate structure.

17. When this Decree requires a certification by Merchant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Merchant.

When this Decree requires the submission by Merchant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Merchant Settlement, c/o Ethan M. M. Cohen, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Merchant, they shall be mailed to: Ron D. Martinek, Parker & Hay, LLP, 400 South Kansas Avenue, Suite 200, Topeka, Kansas 66603.

For the EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507:

---

Gwendolyn Young Reams
Associate General Counsel


EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661:

_____
John C. Hendrickson
Regional Attorney

_____
Jean P. Kamp
Associate Regional Attorney

_____
Ethan M. M. Cohen
Trial Attorney

For Merchant State Bank:

_____
Ron D. Martinek
PARKER & HAY, LLP
400 South Kansas Avenue, Suite 200
Topeka, Kansas 66603

_____
Michael A. Henderson
CADWELL, SANFORD, DEIBERT &
    GARRY, LLP
200 E. 10th Street, Suite 200
PO Box 1157
Sioux Falls, SD 57101-1157


For Richard L. Engel and the Bankruptcy
Trustee:

_____
Tom Wilka
HAGEN, WILKA & ARCHER, P.C.
600 South Main Avenue, Suite 102
P.O. Box 964
Sioux Falls, South Dakota 57104


For Richard L. Engel:

_____
Clair Gerry
507 West 10th Street
Sioux Falls, SD 57101

_____
Michael Botts
1908 Marthas Road
Alexandria, VA 22307

DATE: *December 23, 2009*   ENTER:   _____
The Honorable Karen E. Schreier
United States District Judge

## EXHIBIT A

### NOTICE TO ALL MERCHANT STATE BANK EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Merchant State Bank, Case No. Civ. 07-4091-KES (D. Ct. S.D.), settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Merchant State Bank, ("Merchant") alleging that Merchant terminated a former employee due to his disability. Merchant denied these allegations. Nothing in this Decree should be construed as an admission by any party regarding either liability or non-liability.

To resolve the case, Merchant and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Merchant State Bank will comply with all of the provisions of the Americans with Disabilities Act;

2) Merchant State Bank will not retaliate against any person exercising rights under the Americans with Disabilities Act;

3) Merchant State Bank will provide specific relief to a former employee.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for one (1) year from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Merchant Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.

12-23-09
Date

_Karen E. Schreier_
The Honorable Karen E. Schreier
United States District Judge

## NOTICE TO ALL MERCHANT STATE BANK EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. Merchant State Bank</u>, Case No. Civ. 07-4091-KES (D. Ct. S.D.), settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Merchant State Bank, ("Merchant") alleging that Merchant terminated a former employee due to his disability. Merchant denied these allegations. Nothing in this Decree should be construed as an admission by any party regarding either liability or non-liability.

To resolve the case, Merchant and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Merchant State Bank will comply with all of the provisions of the Americans with Disabilities Act;

2) Merchant State Bank will not retaliate against any person exercising rights under the Americans with Disabilities Act;

3) Merchant State Bank will provide specific relief to a former employee.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for one (1) year from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Merchant Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.

12-23-09
Date

The Honorable Karen E. Schreier
United States District Judge